## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY PERRY, | ) | CASE NO. 3:22-cv-910 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | March 10, 2023 |
| INSURANCE CO., | ) | |
| *Defendant*. | ) | |

<u>MEMORANDUM OF DECISION</u>
### RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 10) AND PLAINTIFF'S MOTION FOR JOINDER (ECF NO. 31)

Kari A. Dooley, United States District Judge:

Plaintiff Jeffrey Perry ("Perry" or "Plaintiff") brings this negligence and breach of fiduciary duty action against his insurer, Government Employees Insurance Company ("GEICO" or "Defendant"). His claims arise out of the advice he received from a GEICO employee/agent regarding his insurance coverage needs. Pending before the Court are Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 10) and Plaintiff's Motion to Amend the Complaint to join Amy Marinaccio as an additional defendant pursuant to Rule 20(a) and Rule 21. (ECF No. 31) For the reasons that follow, the motion to dismiss is GRANTED in part and DENIED in part, and the motion to amend the complaint to join an additional defendant is GRANTED in part and DENIED in part.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of multiple defendants in a single action if the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Whether the claims "constitute the same transaction or occurrence under . . . Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). Courts construe Rule 20(a) broadly "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (citation omitted).

In addition to satisfying the Rule 20(a) standard, a plaintiff seeking to add a new defendant must satisfy the requirements of Rule 15(a)(2), which governs the amendment of pleadings. *See R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004). Rule 15(a)(2) is a "liberal" and "permissive" standard, and "'the only grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (alteration in original)

(quoting *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 190 (2d Cir. 2015)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

**Allegations**

Perry has been a customer of and insured by GEICO for more than 20 years. Compl. ¶ 4. Perry has had automobile, renters, and umbrella policies with GEICO. *Id.* On or about April 13, 2020, Perry contacted GEICO because he was changing his car registration from New York to Connecticut and wished to consult with an agent to discuss his coverage and policies. Compl. ¶ 5. Perry spoke to Amy Marinaccio, a GEICO employee and licensed insurance agent in New York and Connecticut. Compl. ¶ 6. Perry asked Marinaccio to advise him on and recommend insurance coverage, including automobile coverage, uninsured/underinsured motorist coverage, and umbrella/excess coverage. Compl. ¶ 7. Marinaccio assured Perry that she had properly advised him concerning the suitably and adequacy of appropriate coverage, and in reliance on this discussion with Marinaccio, Perry purchased automobile coverage consistent with her recommendations. Compl. ¶¶ 9, 11.

GEICO advertises and represents to the public that it specializes in insurance "customized to fit you," that it provides customers with all the automobile insurance that they need, and that its agents are "here to help you get the type of insurance you need." Compl. ¶¶ 12–13. GEICO also encourages its customers to "contact one of our local insurance agents in Fairfield County" because "GEICO Insurance Agents in Connecticut offer sound, professional advice . . . to help you find the right coverage for your needs" and those agents could help customize a policy that includes carrying "higher limits for extra protection." Compl. ¶¶ 14–15.

Despite these assurances, the insurance policies sold and recommended to Perry were inadequate because they provided limited uninsured/underinsured motorist coverage given his personal circumstances. Compl. ¶ 17. Marinaccio failed to explain, identify, offer, or recommend adequate umbrella/excess insurance coverage that would provide additional uninsured/underinsured motorist coverage to Perry. Compl. ¶ 18. As a result of these actions, Perry was not adequately or properly insured for potential injuries and losses when his Connecticut policy went into effect. Compl. ¶ 21.

On June 7, 2020, Perry was in a car accident with an underinsured motorist and suffered serious injuries. Compl. ¶ 22. As a result of the crash, Perry needs medical and hospital care, surgery, testing, physical therapy, occupational therapy, medication, daily assistance by an aide, and other treatment. Compl. ¶ 24. All available insurance, including uninsured/underinsured coverage, has been exhausted and is inadequate to compensate Perry for his injuries. Compl. ¶¶ 27–28.

**Discussion**

**Motion to Dismiss**

*Count One: Negligence*

Defendant primarily argues that Plaintiff's claim of negligence fails because GEICO did not owe, and therefore could not breach, a duty to Plaintiff to advise him as to the adequacy of his insurance coverage. Plaintiff contends that Connecticut courts have recognized that an insurance agent owes a client of duty of care to explain uninsured/underinsured motorist coverage as articulated in *Byrd v. Ortiz*, 136 Conn. App. 246 (2012).[1] The Court agrees that *Byrd* forecloses Defendant's argument.

---

[1] Plaintiff also argues that Defendant's motion to dismiss should be denied under the doctrine of *res judicata* because a superior court of Connecticut found that Plaintiff's allegations of negligence against Defendant were

A cause of action sounding in negligence has four, well-established elements: duty, breach of that duty, causation, and actual injury. *Byrd*, 136 Conn. App. at 252–53. "The existence of a duty of care is a prerequisite to a finding of negligence. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." *Id.* at 253 (quoting *Lachowicz v. Rugens*, 119 Conn. App. 866, 868, *cert. denied*, 297 Conn. 901 (2010)).

In *Byrd*, the plaintiff brought negligence claims against a licensed insurance agent (Ortiz) as well as the insurance company for whom the agent worked (Nationwide). *Id.* at 248. The agent advised the plaintiff to purchase an automobile insurance policy with "bodily injury liability coverage in the amount of $20,000 per person and $40,000 per accident and uninsured/underinsured motorist coverage in the amount of $20,000 per person and $40,000 per accident," and the plaintiff did purchase policies in those amounts as recommended by the agent. *Id.* Each year, on the agent's advice, the plaintiff renewed the policy with the same levels of coverage. *Id.* The agent never advised the plaintiff "to increase or otherwise change the amount of coverage under the policy." *Id.* The plaintiff was thereafter involved in a car accident in which she sustained injuries and damages exceeding the bodily injury liability coverage of the other driver. *Id.* The plaintiff sued her insurance company and the agent for failing to advise her about the "appropriate amount of uninsured/underinsured motorist coverage" and, as a result of that

---

viable when it granted Plaintiff's petition to perpetuate testimony. However, the superior court's ruling explicitly states that it shall not prejudice Defendant from filing other motions challenging the viability of Plaintiff's allegations upon the disclosure of relevant information. Ex. C, ECF No. 26-3; *see also Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 260 n.3 (D. Conn. 2009), *aff'd*, 378 F. App'x 109 (2d Cir. 2010) (finding that "a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the [c]ourt" when deciding a Rule 12(b)(6) motion). The Court agrees with Defendant that this decision is not a final determination on the merits for the purposes of *res judicata*.

negligence, "she was without sufficient underinsured motorist coverage to compensate her for her losses." *Id.*

The trial court granted the defendants' motion to strike the negligence claims. The Appellate Court reversed and in so doing soundly rejected the argument that an insurance agent does not owe a duty to advise an insured of the sufficiency of insurance coverage. Instead, "[a]n insurance agent has the duty to exercise reasonable skill, care and diligence to see that [her] client has proper [insurance] coverage. . . . Where [the agent] undertakes to procure a policy affording protection against a designated risk, the law imposes upon [her] an obligation to perform with reasonable care the duty [she] has assumed." *Id.* (quoting *Dimeo v. Burns, Brooks & McNeil, Inc.*, 6 Conn. App. 241, 244, cert. denied, 199 Conn. 805 (1986)). With respect to uninsured/underinsured motorist coverage, an insurance agent has a "duty to explain underinsured/uninsured motorist coverage to the [client], to explain the consequences of not having a sufficient amount of such coverage, to recommend the proper amount of coverage based on the [client's] individual circumstances and to attempt to procure that amount of coverage and offer it to the [client]." *Id.* at 256. In so holding, the Appellate Court cited to *Dimeo v. Burns, Brooks & McNeil, Inc.*, in which the Appellate Court concluded that a trial court properly instructed a jury that "selling insurance is a specialized field with specialized knowledge and experience, and that an agent has the duties to advise the client about the kind and extent of desired coverage and to choose the appropriate insurance for the client," and further, "that the client ordinarily looks to his agent and relies on the agent's expertise in placing his insurance problem's in the agent's hands." 6 Conn. App. at 244–45.[2] Accordingly, the Appellate Court held that the

---

[2] The Court recognizes that the defendant/agent in *Dimeo* was an independent insurance agent employed by an insurance agency and was not an employee of the insurance carrier that issued the policy. Indeed, the insurer was not a defendant in *Dimeo* and the defendants were the plaintiff's insurance agent and the insurance agency for whom she worked. However, the Appellate Court did not draw any distinction between the relationship between a client and an

plaintiff had alleged viable negligence claims against the agent as well as the insurer as being vicariously liable for the acts of its agent. *Byrd*, 136 Conn. App. at 258 & n.1.

The allegations in the case at bar are remarkably similar to those alleged in *Byrd*. Here, Perry requested advice and recommendations on his insurance coverage from GEICO, and more specifically, Marinaccio. Accordingly, under the holding of *Byrd*, GEICO owed Perry a duty to explain his insurance coverage to him, to recommend the proper amount given his individual circumstances, and to offer that amount to him. Perry alleges that Marinaccio failed to offer or recommend increased or excess coverage and that in reliance on her representations, he purchased coverage that was inadequate to compensate him for his injuries and losses after a serious car accident. The facts in alleged in Count One of the Complaint therefore adequately allege duty, breach of that duty, causation, and actual injury. If provable, these facts would support a cause of action in negligence against GEICO. The motion to dismiss as to Count One is DENIED.

*Count Two: Breach of Fiduciary Duty*

Defendant next argues that Plaintiff is unable to establish he had a fiduciary relationship with GEICO because Connecticut law treats the insurer/insured relationship as contractual and none of Plaintiff's allegations transform that contractual relationship into a fiduciary one. Plaintiff contends that Connecticut courts recognize a fiduciary relationship between an insurance agent and a client.[3] The Court agrees with Defendant that GEICO did not owe Plaintiff a fiduciary duty to recommend adequate insurance coverage under the circumstances alleged here.

---

independent insurance agent/agency and the relationship in *Byrd,* where the agent was employed by and authorized to sell insurance by the insurer. Without analyzing or even acknowledging this distinction, the duties imposed upon the agent in *Dimeo* were imposed upon the agent in *Byrd.*

[3] Because the Court agrees with Defendant that GEICO did not owe a fiduciary duty to Plaintiff in this instance, the Court does not address whether Plaintiff has alleged sufficient facts to demonstrate a breach of fiduciary duty.

Under Connecticut law, "[i]t is axiomatic that a party cannot breach a fiduciary duty to another party unless a fiduciary relationship exists between them." *Biller Assocs. v. Peterken*, 269 Conn. 716, 723 (2004). Further, the existence of a fiduciary relationship, though dependent upon the unique facts of each case, is a question of law to be determined by the Court. *See Iacurci v. Sax*, 313 Conn. 786, 795–96 (2014). In determining whether a fiduciary relationship exists, courts have "recognized that some actors are per se fiduciaries by nature of the functions they perform," *i.e.*, lawyers. *Id.* at 800 (internal quotation marks and citations omitted). But "[r]ather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, [the Supreme Court has] chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." *Sheltry v. Unum Life Ins. Co. of America,* 247 F. Supp. 2d 169, 178 (D. Conn. 2003) (quoting *Dunham v. Dunham,* 204 Conn. 303, 320 (1987)).  "[A] flexible approach determines the existence of a fiduciary duty, which allows the law to adapt to evolving situations wherein recognizing a fiduciary duty might be appropriate." *Iacurci,* 313 Conn. at 800. A fiduciary relationship "is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." *Id.* (internal quotation marks omitted). "The *unique* element that inheres a fiduciary duty to one party is an elevated risk that the other party could be taken advantage of—and usually unilaterally." *Id.* at 801.

Given these requisites, it is hardly surprising that "not all business relationships implicate the duty of a fiduciary." *Id.* at 800 (internal quotation marks omitted). Indeed, there is a "need to avoid assigning the serious, significant duties that are expected of a fiduciary to every business

arrangement." *Id.* at 801. "[A] mere contractual relationship does not create a fiduciary or confidential relationship." *Essex Ins. Co. v. William Kramer & Associates, LLC*, 331 Conn. 493, 508–09 (2019) (quoting *Saint Bernard School of Montville, Inc., v. Bank of America*, 312 Conn. 811, 836 (2014)).

Historically, Connecticut courts have held as a matter of law that the relationship between an insurer and an insured is commercial in nature. *See Macomber v. Travelers Property and Cas. Corp.*, 261 Conn. 620, 641 (2002) ("Jurisdictions are split on the issue of whether an insurer owes a fiduciary duty to its insured; our case law is silent on this issue except for a single pronouncement in *Harlach v. Metropolitan Property & Liability Ins. Co.*, 221 Conn. 185, 190, 602 A.2d 1007 (1992), where we characterized the relationship between the insurer and insured as 'commercial,' at least in the context of purchasing a policy."); *Harlach*, 221 Conn. at 190 (holding that an insurer has no fiduciary duty to the insured to explain uninsured motorist coverage or the advantages or disadvantages of procuring certain uninsured motorist limits).[4]

Plaintiff cites no contrary authority suggesting that his relationship with GEICO "was anything more than a commercial transaction" or makes no "[allegations] of a unique degree of trust and confidence between the plaintiff and the defendant akin to a fiduciary or special relationship." *Carson v. Allianz Life Ins. Co. of North America*, 184 Conn. App. 318, 331–32 (2018). The relationship, as alleged, is not one where a unilateral risk that GEICO will take advantage of Plaintiff arises; nor one where there is such a disparate level of knowledge and skill so as to create a fiduciary duty. Construing the Complaint in the light most favorable to Plaintiff,

---

[4] The Connecticut Supreme Court has signaled a potential departure from this precedent only once and in dictum, *see State v. Acordia, Inc.*, 310 Conn. 1, 37 (2013) (noting that "an insurer generally has a fiduciary relationship with its insured" (citing *Hutchinson v. Farm Family Casualty Ins. Co.*, 273 Conn. 33, 53 (2005) (*Norcott, J.*, dissenting)), and has acknowledged that it "has yet to speak on the precise nature of the duty." *See Dorfman v. Smith*, 342 Conn. 582, 627 & n.7 (2022) (*Ecker, J.*, concurring and dissenting) (citing *State v. Acordia, Inc.*, 310 Conn. at 37).

although he was a customer of GEICO for 20 years, he alleges only a single conversation with Marinaccio regarding his insurance needs. It is difficult to imagine how this single interaction, even in the context of a lengthy commercial relationship, could ever give rise to the unique relationship contemplated for a determination that a fiduciary duty was established. GEICO's general advertisements and representations to the public regarding its services are likewise insufficient to establish a fiduciary relationship with Plaintiff. *See Johnson v. Priceline.com Inc.*, 3:11-cv-465 (JBA), 2012 WL 1108116, at *3 (D. Conn. Mar. 30, 2012) (advertisements to the public suggesting that website helps customers find cheap accommodations did not create a fiduciary duty), *aff'd*, *Johnson v. Priceline.com Inc.*, 711 F.3d 271 (2d Cir. 2013); *Lynch v. Nat'l Prescription Adm'rs, Inc.*, 795 F. Appx. 68 (2d Cir. 2020) (summary order) ("A fiduciary relationship 'is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions.'").

The allegation that Marinaccio assured Plaintiff that she had properly advised him on the suitability and adequacy of his coverages supports, as discussed above, a claim of negligence, but it is not enough to transform Plaintiff's commercial relationship with GEICO into a fiduciary one. *See Beverly Hills Concepts, Inc.*, 247 Conn. at 56 ("Professional negligence alone . . . does not give rise automatically to a claim for breach of fiduciary duty."). The motion to dismiss as to Count Two is GRANTED.

**Motion to Amend the Complaint to Join Additional Defendant Amy Marinaccio**

Plaintiff also moves to join Marinaccio as an additional defendant in this matter because her actions arise from the same operative set of facts and circumstances that give rise to his suit against GEICO. Defendant contends that Plaintiff's motion to amend the pleadings to join Marinaccio as a party should be denied as futile for the same reasons advanced in the motion to

10

dismiss. For the reasons discussed above, the motion to amend is granted as to Plaintiff's negligence claim and denied as to any claim that Marinaccio breached a fiduciary duty to Plaintiff.

Plaintiff's claim against both GEICO and Marinaccio arise out of the same conversation on April 13, 2020, and there are questions of law and fact common to all parties. Indeed, Marinaccio was the alleged negligent actor and agent of GEICO through whom Plaintiff attempts to hold GEICO vicariously liable and Defendant concedes as much. Def. Reply Mem. at 12 ("Marinaccio was an employee of GEICO acting within the scope of her authority."). The series of events that give rise to Plaintiff's claim consist of "closely interwoven actions between [the insurer] and its authorized agent," *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980), and therefore joinder of Marinaccio as a defendant as to Plaintiff's negligence claim is proper.

However, because the Court has dismissed Plaintiff's breach of fiduciary duty claim against GEICO, an amendment to the complaint to join Marinaccio as an additional defendant as to this claim is denied as futile because Plaintiff cannot plausibly allege that a fiduciary relationship existed between himself and GEICO's agent, Marinaccio. *See Faryniarz v. Ramierz*, 62 F. Supp. 3d 240, 249 (D. Conn. 2014) ("An amendment is considered futile if the amended pleading . . . would be subject to a successful motion to dismiss." (quotation marks omitted)). The motion to amend the complaint is GRANTED in part and DENIED in part.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 10) is GRANTED as to Count Two and DENIED as to Count One. Plaintiff's motion for leave the amend the complaint to join Amy Marinaccio as an additional defendant (ECF No. 31) is GRANTED as to Count One

and DENIED as to Count Two. Plaintiff shall file an Amended Complaint on or before March 20, 2023.

      **SO ORDERED** at Bridgeport, Connecticut, this 10th day of March 2023.

                               */s/ Kari A. Dooley*
                               KARI A. DOOLEY
                               UNITED STATES DISTRICT JUDGE