UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY PERRY, *Plaintiff*, | ) ) ) | CASE NO. 3:22-cv-910 (KAD) |
| v. | ) ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, and AMY MARINACCIO, *Defendants*. | ) ) ) | JULY 2, 2024 |

## MEMORANDUM OF DECISION
### RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 96)

Kari A. Dooley, United States District Judge:

This negligence action arises out of the procurement of insurance by Plaintiff Jeffrey Perry ("Perry" or "Plaintiff") from Defendant Government Employees Insurance Company ("GEICO") through its agent Defendant Amy Marinaccio. Plaintiff seeks leave to amend his complaint to update the extent of his injuries, to add factual allegations learned through discovery, and to add a cause of action under the Connecticut Unfair Trade Practices Act ("CUTPA") premised upon violations of the Connecticut Unfair Insurance Practice Act ("CUIPA") as well as a common law claim for negligent misrepresentation. Defendants oppose the motion. For the reasons that follow, the motion for leave to amend is GRANTED in part. (ECF No. 96)

**Standard of Review**

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or, if a responsive pleading is required, within twenty-one days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1); *Blaine v. UConn Health Care*, No. 3:18-cv-00359 (MPS), 2018 WL 3448165, at *1 (D. Conn. July 17, 2018). In all other cases, the plaintiff may amend his complaint with consent of the defendant or with the Court's leave. Fed.

R. Civ. P. 15(a)(2). Generally, leave to amend should be "freely give[n]." *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F. 3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). "An amendment is considered futile if the amended pleading . . . would be subject to a successful motion to dismiss." *Faryniarz v. Ramierz*, 62 F. Supp. 3d 240, 249 (D. Conn. 2014) (quotation marks omitted).

**Allegations and Procedural History**

The Court assumes the parties' familiarity with the underlying allegations and repeats only those necessary for deciding the instant motion. Perry is a customer of and is insured by GEICO. On or about April 13, 2020, Perry contacted GEICO because he was purchasing a new car which would be registered in Connecticut. He sought to consult with a licensed insurance agent to evaluate his coverage needs. Perry spoke to Amy Marinaccio, a GEICO employee and licensed insurance agent, who advised him regarding his automobile coverage.

GEICO advertises that it specializes in insurance "customized to fit you," that it provides customers with all the automobile insurance that they need, and that its agents are "here to help you get the type of insurance you need," encourages its customers to "contact one of our local insurance agents in Fairfield County" because "GEICO Insurance Agents in Connecticut offer sound, professional advice . . . to help you find the right coverage for your needs," and those agents could help customize a policy that includes carrying "higher limits for extra protection."

On June 7, 2020, Perry was in a car accident with an underinsured motorist and suffered serious injuries. Perry's limited uninsured/underinsured motorist coverage as well as his

umbrella/excess insurance coverage were inadequate to compensate him for his injuries. The operative Amended Complaint includes claims of negligence against both Defendants.

Perry now seeks to amend his Amended Complaint to provide additional facts regarding his injuries as well as GEICO's advertising during the relevant time period. Perry also seeks to add a CUTPA/CUIPA count and a negligent misrepresentation count based upon the now expanded allegations of deceptive and misleading advertising. Other than the updated allegations regarding Perry's injuries, the new factual allegations were learned through discovery, in part following Magistrate Judge Garcia's order granting Perry's motion to compel, as well as through Defendant Marinaccio's deposition.

**Discussion**

Defendants object to the amendments as untimely and argue that Plaintiff has not shown good cause to amend at this late juncture, and asserts, in the alternative, that the amendments are futile because the alleged misrepresentations—mere puffery—fail to state a viable CUTPA/CUIPA violation, and because negligent misrepresentation shares the same elements and allegations as the CUIPA claims, that claim is likewise futile. Defendants also argue that the amendment would be unduly prejudicial to them.

First, the Court concludes that Plaintiff has demonstrated good cause for the amendments because he acted with reasonable diligence in obtaining the information. *See Borozny v. Raytheon Techs. Corp., Pratt & Whitney Div.*, No. 3:21-cv-1657 (SVN), 2023 WL 7037523, at *2, *7 (D. Conn. Oct. 26, 2023) (rejecting claim that plaintiffs could have been more diligent in investigating publicly available information where plaintiffs sought to amend following resolution of a discovery dispute). Here, Plaintiff acted diligently in moving to amend after learning new facts based on discovery produced by Defendants and shortly after the deposition of Defendant

Marinaccio. Additionally, some of the discovery that supports Plaintiff's proposed amendments was turned over after Plaintiff's successful motion to compel. *See id.* ("Defendants cannot delay production of discovery and then fault Plaintiffs for acting late"). Plaintiffs' motion for leave to amend will therefore not be denied for any lack of diligence on his part.

The Court also finds that Defendants will not be unduly prejudiced by the proposed amendments, because the Amended Complaint already contains allegations concerning GEICO's allegedly misleading advertising. The proposed amendment, though expanding the nature and scope of those allegations, includes information that has always been known to GEICO. The Court also concludes that it is not unduly prejudicial for Plaintiffs to add a claim for which attorneys' fees and/or punitive damages can be awarded. *Cf. Stein v. Needle*, No. 3:19-cv-1634 (VLB), 2021 WL 5889343 at *3 (D. Conn. December 13, 2021) (increased exposure alone not a justification for denial for leave to amend). Although GEICO is exposed to a greater claim for damages, the core nature of the suit remains the same.

As to Defendants' claim that the proposed amendment is futile because Plaintiff cannot plausibly allege a CUTPA/CUIPA violation or a negligent misrepresentation claim, the Court agrees, but only in part.

Although CUIPA itself does not provide for a private right of action, "[a] plaintiff may assert a private cause of action based on a substantive violation of CUIPA through CUTPA's enforcement provision." *Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 165 (D. Conn. 2014) (quotations omitted). "To succeed in such a CUTPA claim, a plaintiff must show that the defendant engaged in an act prohibited by CUIPA's substantive provisions, and that the act proximately caused the harm alleged." *Id.* at 165 (citing *McCulloch v. Hartford Life and Accident Ins. Co.*, 363 F. Supp. 2d 169, 181 (D. Conn. 2005)). Plaintiff's proposed Count Three alleges a violation of

4

CUIPA, specifically, violations of Conn. Gen. Stat. § 38a-816(1)(a) and Conn. Gen. § 38a-816(2). Plaintiff also seeks to add a common law claim for negligent misrepresentation.

"Section 38a-816(1) prohibits misrepresentations and false advertising of insurance policies. Section 38a-816(2) prohibits false information and advertising generally." *Heyman Associates No. 1 v. Insurance Co. of State of Pa.*, 231 Conn. 756, 794, 653 A.2d 122 (1995). The Connecticut Supreme Court has held that to allege a violation of § 38a-816(1)(a), a plaintiff must allege the elements of negligent misrepresentation: "(1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mutual Ins. Co.*, 280 Conn. 619, 626 (2006).[1] And, specifically, Plaintiff must:

> [A]llege which benefit, advantage, condition, or term of the [specific policy] the Defendant has misrepresented or how the Defendant has actually misrepresented that specific policy benefit or provision directly or through a false advertisement. The need to identify a specific policy benefit or provision is manifest under the plain language of the statute.

*Thomas v. Vigilant Ins. Co.*, 594 F. Supp. 3d 499, 514–15 (2022).

Plaintiff argues that GEICO negligently misrepresented to the public at large the scope and applicability of its umbrella coverage, and that the umbrella coverage Plaintiff obtained did not provide the coverage as advertised. Plaintiff does not cite the Court to any authority approving a claim under § 38a-816(1)(a) for misrepresentations about a specific policy premised on statements made to the public at large. To the contrary, Connecticut courts have consistently held that § 83-

---

[1] It also appears that a plaintiff must allege the elements of negligent misrepresentation to allege a violation of § 38a-816(2) as well. *See New England Systems, Inc. v. Citizens Ins. Co. of America*, No. 3:20-cv-1743 (JAM), 2021 WL 1978691, at *3 (D. Conn. May 17, 2021) ("Although *Nazami* dealt with a claim under § 38a-816(1) instead of § 38a-816(2), the two provisions are closely related and prohibit similar false or misleading statements about insurance policies."); *Eastham v. Garden State Life Ins. Co.*, No. CV054011444, 2007 WL 1893359, at *9 (Conn. Sup. Ct. June 7, 2007) (applying same misrepresentation standard for § 38a-816(1)(a), § 38a-816(2), and § 38a-816(8) claims).

5

816(1)(a) applies to situations in which a misrepresentation was made to the insured directly about the policy being procured, while § 83a-816(2) applies to misrepresentations disseminated to the public. *See, e.g.*, *Thomas*, 594 F. Supp. 3d at 514 (holding that "Plaintiff has failed to allege which benefit, advantage, condition, or term of *the Masterpiece Policy* that Defendant misrepresented or falsely advertised or how the Defendant has actually misrepresented that *specific policy* benefit or provision directly or through a false advertisement") (emphasis added); *Meneo v. Sound Fin. Grp., LLC*, No. FBTCV216104984S, 2021 WL 4895574, at *3 (Conn. Super. Ct. Sept. 27, 2021) ("[P]laintiffs have not made all of these allegations with respect to the "benefits, advantages, conditions or terms" of the *health insurance policies at issue here*. Preliminarily, paragraph 8, which is the only paragraph that appears to address advertising, does not make any mention of the "benefits, advantages, conditions or terms" of *any insurance policy*.") (emphasis added).

In *Associated Constr./AP Constr., LLC v. Hanover Ins. Co.*, the court held that plaintiff plausibly stated a § 38a-816(1)(a) claim where an insurance agent made representations directly to the plaintiff and which plaintiff relied on and suffered damages as a result of such reliance. No. 3:15-CV-1600 (MPS), 2017 WL 1190363, at *7 (D. Conn. Mar. 30, 2017). *See also Hartford Underwriters Ins. Co. v. Rottjer Renovation Co., LLC*, No. HHDCV156063454S, 2017 WL 2124328, at *2 (Conn. Super. Ct. Apr. 24, 2017) (allegations supported a violation of § 38a-816(1)(a) where plaintiff "quoted a premium in 2013, which was the same as that in prior years and which presumably reflected an exclusion from coverage of the owner but then sold a different insurance product to the defendant"); *Fedora v. Worchester Ins. Co.*, No. CV030285288S, 2004 WL 2397277, at *3 (Conn. Super. Ct. Sept. 28, 2004) ("In support of his CUIPA claim under § 38a-816(1) the plaintiff asserts that the defendant failed to pay benefits under the uninsured motorist and Medpay provisions of the insurance policy, *despite representations made at the time*

*of the sale of the policy* that such injuries and damages would be covered. This single act of alleged misrepresentation provides enough factual support to establish a CUIPA violation under § 38a-816(1).") (emphasis added). As discussed above, Plaintiff alleges that GEICO misrepresented the benefits, advantages, conditions, or terms of its umbrella insurance policies generally in its advertisements and that the umbrella insurance policy GEICO sold Plaintiff did not conform to those advertisements. Plaintiff does not allege that Defendant Marinaccio (or anyone else) made any misrepresentations to him directly about the policy he was purchasing as contemplated by § 38a-816(1)(a); rather, Plaintiff alleges that Defendant Marinaccio did not have the necessary information or expertise to advise him adequately as to his umbrella coverage. Nor does Plaintiff allege that those misrepresentations were contained in the insurance policy itself. *See Eastham*, 2007 WL 1893359 at *1, *8–*9 (misrepresentation about premium amounts made in insurance application or in premium schedule contained in policy supported a violation of § 38a-816(1)(a)). Accordingly, Plaintiff has not plausibly alleged a violation of § 38a-816(1)(a), and Plaintiff's motion for leave to amend his Amended Complaint to add such a claim is denied because amendment would be futile.

      The Court concludes, however, that Plaintiff has adequately alleged a violation of § 38a-816(2), the statutory language of which more accurately captures the situation at hand. Plaintiff has identified advertisements GEICO made to the public, which Plaintiff alleges were false or misrepresented the benefits, advantages, conditions, or terms of its umbrella insurance policies, that GEICO was aware that the advertisements were false or contained misrepresentations, that Plaintiff relied on those advertisements, and suffered damages as a result because his umbrella policy did not provide the coverage as advertised after he reached the limits of his auto policy.

Notwithstanding, Defendants argue that the advertisements cited are more puffery and cannot be the basis for a negligent misrepresentation or CUIPA claim. *See Gold v. Univ. of Bridgeport School of Law*, 19 Conn. App. 379, 384–85 (1989) (citing *Web Press Services Corp. v. New London Motors, Inc.*, 205 Conn. 479, 483 (1987)); *see also Loubier v. Allstate Ins. Co.*, No. 3:09-cv-261 (JBA), 2010 WL 1279082, at *5 (D. Conn. Mar. 30, 2010) (holding that Allstate's slogan—that its policyholders "are in Good Hands™ with Allstate"—was vague and devoid of meaning upon which plaintiff could have reasonably relied or proven false). Puffs, or puffery, are favorable comments by sellers about their products, and such comments are universally accepted and expected in the marketplace. *Gold*, 19 Conn. App. at 384–85 (quoting *Web Press Services Corp.*, 205 Conn. at 483); *see also Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) (explaining that puffery may come in two forms: (1) "a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion" and (2) "an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying"). Several factors may indicate whether a statement constitutes puffery, such as "vagueness," "subjectivity," and an "inability to influence the buyers' expectations." *See Avola v. Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 392 (E.D.N.Y. 2013); *Thomas,* 594 F. Supp. 3d at 509 (finding statements mere puffery where they contained broad, vague, and nonspecific claims of the sort sellers are expected to use in the marketplace).

Here, Plaintiff alleges that GEICO's advertising as to the nature and scope of its umbrella policies; the benefits of having an umbrella policy; the ability and expertise of GEICO agents in advising clients on the need and scope of umbrella policies; the circumstances under which umbrella coverage would "kick in" and others was false. The Court concludes that the statements are specific, concrete, and factual in nature. While there may be some subjectivity to them, given

8

the context in which they are made, a finder of fact could find that Perry reasonably relied upon them when procuring his GEICO policy. The Court therefore concludes that Plaintiff has adequately alleged a CUTPA/CUIPA claim premised upon § 38a-816(2) as well as a common law negligent misrepresentation claim. Plaintiff's motion for leave to amend his Amended Complaint to add a § 38a-816(2) claim and a common law negligent misrepresentation claim is granted.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED in part and DENIED in part. Plaintiff is directed to separately docket a Second Amended Complaint consistent with this decision.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of July 2024.

                                        */s/ Kari A. Dooley*
                                        KARI A. DOOLEY
                                        UNITED STATES DISTRICT JUDGE